1  Barbara A. Rohr (SBN 273353)
2  Benjamin Heikali (SBN 307466)
   **FARUQI & FARUQI, LLP**
3  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
4  Telephone: (424) 256-2884
   Facsimile: (424) 256-2885
5  E-mail: brohr@faruqilaw.com
           bheikali@faruqilaw.com
6
   *Attorneys for Plaintiff Matin Shalikar*
7

8           **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10 MATIN SHALIKAR, individually and on behalf of all others similarly situated, | Case No.: 2:17-cv-02713 |
| 11 | **CLASS ACTION COMPLAINT** |
| 12 Plaintiff, | 1. **Violation of California Civil Code §1750,** *et seq.* |
| 13 | |
| 14 v. | 2. **Violation of California Business and Professions Code § 17200,** *et seq.* |
| 15 ASAHI BEER U.S.A., INC., | |
| 16 Defendant. | 3. **Violation of California Business and Professions Code § 17500,** *et seq.* |
| 17 | 4. **Breach of Implied Warranty** |
| 18 | 5. **Common Law Fraud** |
| 19 | 6. **Intentional Misrepresentation** |
| 20 | 7. **Negligent Misrepresentation** |
| 21 | 8. **Breach of Contract** |
| 22 | 9. **Quasi-Contract/Unjust Enrichment/Restitution** |
| 23 | |
| 24 | **JURY TRIAL DEMANDED** |
| 25 | |
| 26 | |
| 27 | |

28
                    **CLASS ACTION COMPLAINT**

Plaintiff Matin Shalikar ("Plaintiff") by and through his counsel, brings this Class Action Complaint against Asahi Beer U.S.A, Inc. ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant, based on Defendant's misleading business practices with respect to the sale of Asahi Super Dry beer brewed by Molson Coors Brewing Company ("Molson") in Canada (the "Product").

2.    At all relevant times, Defendant has marketed and sold the Product with labeling, packaging, and advertising that makes references to Japan, Japanese words, and Japanese characters.  The Product's labeling, packaging, and marketing led Plaintiff and other consumers to reasonably believe that they were purchasing beer that is brewed in Japan.

3.    In reality, the Product is not brewed in Japan, but instead is brewed in Canada by Molson.[1]

4.    Plaintiff and other consumers have reasonably relied on Defendant's deceptive advertising in purchasing the Product, believing that the Product was brewed in Japan. Had Plaintiff and other consumers known that the Product was not brewed in Japan, they would not have purchased the Product or would have paid significantly less for the Product.  Therefore, Plaintiff and other consumers have suffered injury in fact as a result of Defendant's deceptive practices.

5.    Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated.  Plaintiff seeks to represent a Nationwide Class, a California

---

[1] "We also have an agreement with Asahi to brew and package Asahi Super Dry and Asahi Select to the U.S. market… " Molson Coors Brewing Company, Form 10-K, p. 10 (February 14, 2017) (hereinafter "Molson Coors 2016 Form 10-K").

**CLASS ACTION COMPLAINT**

Subclass, and a California Consumer Subclass (defined *infra* in paragraphs 36-38) (collectively, referred to as "Classes").

6.      Plaintiff, on behalf of himself and the Classes, is seeking damages, restitution, declaratory and injunctive relief, and all other remedies this court deems appropriate.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Classes, which total thousands of class members, and are citizens of states different from the states of Defendant.

8.      This Court has personal jurisdiction over Defendant because Defendant has its principle place business in California, and has sufficient minimum contacts in California or otherwise intentionally did avail itself of the markets within California, through its sale of the Product to California consumers.

9.      Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendant has its principal place of business within this District, regularly conducts business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

10.     Plaintiff Matin Shalikar is a citizen of California, residing in Los Angeles. In 2016, Mr. Shalikar purchased the Product from Bristol Farms in Los Angeles, California. In purchasing the Product, Mr. Shalikar saw and relied on the Product name "Asahi," as well as the Japanese words and characters on the bottle and packaging of the Product.  Based on these representations, Mr. Shalikar believed he was purchasing a beer brewed in Japan. However, unbeknownst to Mr. Shalikar, the

3

**CLASS ACTION COMPLAINT**

Product he purchased was not brewed in Japan, but was instead brewed in Canada. Mr. Shalikar would not have purchased the Product or would have paid significantly less for the Product had he known that the Product was not brewed in Japan.  Mr. Shalikar therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein. Despite being misled, Mr. Shalikar would likely purchase the Product in the future if the Product was in fact brewed in Japan.

11.    Defendant Asahi Beer U.S.A., Inc. is a Delaware corporation with its principal place of business at 3625 Del Amo Blvd., 9250, Torrance, CA 90503. Defendant is a wholly owned subsidiary of Asahi Breweries, Ltd., which in turn is a wholly owned subsidiary of Asahi Group Holdings, Ltd. Defendant is responsible for the marketing, distribution, and sale of the Product in the United States, including in this District.

## FACTUAL ALLEGATIONS

**A.    Background**

12.    In March 1987, Asahi Breweries, Ltd. launched Asahi Super Dry beer in Japan.[2]

13.    In April 1998, Asahi Beer U.S.A, Inc. was established to market, distribute, and sell the Product in the United States.[3]

14.    Since as early as 2004, Asahi Breweries, Ltd. contracted with Molson, whereby the two companies agreed that Molson would brew the Product in Canada for Asahi Breweries, Ltd., for distribution and sale in the United States by Defendant.[4]

15.    At all relevant times, the Product was brewed by Molson in Canada, and

---

[2] http://www.asahigroup-holdings.com/en/ir/pdf/2016_yend_factbook.pdf#zoom=100 (last visited on April 10, 2017).
[3] *Id.*
[4] Molson Coors Brewing Company, Form 10-K, p. 85 (March 10, 2006).

**CLASS ACTION COMPLAINT**

then marketed, distributed, and sold in the United States by Defendant.[5]

16.    Further, Molson is currently finalizing negotiations with Asahi Breweries, Ltd. for an extension of this contract through early 2020.[6]

17.    At all relevant times, the Product was sold across California and the United States at grocery chains, convenience stores, liquor stores, and other retailers including, but not limited to, Bristol Farms, BevMo!, and Total Wine & More.

18.    The Product is manufactured in a variety of sizes as depicted below:

---

[5] Molson Coors 2016 Form 10-K at 6, 9, 10.
[6] *Id.* at 10.

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

19.    The Product is sold at a price premium above other domestically brewed beers. For example, a 6-pack of the Product is currently sold at Bristol Farms for $9.99 while a 6-pack of Budweiser beer is currently sold at Bristol Farms for $6.99. The Product also garners a price premium over Canadian brewed beer. For example, a 6-pack of Labatt Blue, a Canadian brewed beer, is currently sold at Bristol Farms for $6.99.

20.    Water makes up more than 90 percent of beer, and the type of water used greatly influences the taste and quality of the beer, just as climate and terroir greatly influence the taste and quality of wine.[7]

21.    The Asahi beer distributed and sold in Japan contains water from the site of the brewery in which it is produced. For example, Asahi Breweries, Ltd.'s original brewery, the Suita Brewery, uses water from the water springs in Suita city in the Osaka Prefecture of Japan.[8] The Osaka Prefecture is known for its good quality spring water, which is influential in the taste and quality of the beer.[9]

22.    Defendant, through its agreement with Molson, does not use water from Japan in the Product.  Rather, the water Molson uses to brew the Product comes from local sources near Molson's breweries in Canada. According to the Molson Coors 2016 Form 10-K, "[w]ater used in the brewing process is from local sources in the communities where our breweries operate."[10]

**B.    The Product's Labeling, Packaging, and Marketing are Misleading to Reasonable Consumers**

23.    The Product's labeling, packaging, and marketing are misleading to reasonable consumers, including Plaintiff and other Class members, and only serves

---

[7] https://beerandbrewing.com/VUKd4igAABcrKdWe/article/brewing-water (last visited on April 10, 2017).
[8] http://www.pref.osaka.lg.jp/en/attraction/culture/aquapolis/aquapolis4.html (last visited on April 10, 2017).
[9] *Id.*
[10] Molson Coors 2016 Form 10-K at 9.

7

**CLASS ACTION COMPLAINT**

1  the profit maximizing interests of Defendant.

2      24.    Defendant deceptively labeled and packaged the Product to target
3  consumers who are interested in purchasing Japanese-made products.

4      25.    The overall brand image of Asahi beer, including its name[11], is centered
5  around Japan.  Defendant uses references to Japan, Japanese words, and Japanese
6  characters/script on the Product label and its packaging, creating the impression that
7  the Product is brewed in Japan.

8      26.    The following create  a misleading perception that the Product is brewed
9  in Japan:

10         a.  The "Asahi" product name spelled in English;

11         b.  アサヒ ビール–  Japanese Katakana script which means "Asahi beer;"

12         c.   スーパードライ–  Japanese Katakana script which means "Super Dry"

13         d.  辛口–  Japanese Kanji characters which mean "Karakuchi", the Japanese
14            word for dry taste.

15      27.    Defendant knows, knew or should have known that Plaintiff and other
16  consumers did and would rely on the labeling, packaging, and advertising of the
17  Product in purchasing the Product, and would reasonably believe that the Product was
18  brewed in Japan.

19      28.    In reasonable reliance on the representations listed in Paragraph 26, and
20  reasonably believing that the Product was brewed in Japan, Plaintiff and other
21  members of the Classes purchased the Product.

22      29.    Consumer research has demonstrated that representations regarding
23  geographic origin of a product have a direct effect on product evaluations by
24  consumers, especially regarding the quality of the product.

25      30.    Plaintiff and members of the Classes did not know, and had no reason to
26  know, that the Product is not brewed in Japan because of how the Product is

27

28  [11] "Asahi" means morning sun in Japanese.

**CLASS ACTION COMPLAINT**

deceptively labeled, packaged, and advertised to create the impression that it is brewed in Japan.

31.    Because the Product is not brewed in Japan as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Product was and continues to be misleading and deceptive.

32.    Each consumer has been exposed to the same or substantially similar deceptive practices because: 1) each Product contains identical or substantially similar representations centered around Japan; and 2) each Product is not brewed in Japan.

33.    Plaintiff and other consumers have paid an unlawful premium for the Product.  Plaintiff and other consumers would have paid significantly less for the Product had they known that the Product was not brewed in Japan.  In the alternative, Plaintiff and other consumers would not have purchased the Product at all had they known that the Product was not brewed in Japan. Therefore, Plaintiff and other consumers purchasing the Product suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

34.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Product is brewed in Japan.  Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

35.    Despite being misled by Defendant, Plaintiff would likely purchase the Product in the future if the Product was in fact brewed in Japan.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in the United States who purchased the Product within the relevant statute of limitations periods ("Nationwide Class").

**CLASS ACTION COMPLAINT**

37.    Plaintiff also seeks to represent a subclass defined as all persons, who are California residents who purchased the Product, or who purchased the Product within the State of California, during the relevant statute of limitations periods ("California Subclass").

38.    Plaintiff also seeks to represent a subclass defined as all persons, who are California residents who purchased the Product, or who purchased the Product within the State of California, for personal, family, or household purposes during the relevant statute of limitations periods ("California Consumer Subclass").

39.    Excluded from the Classes are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Product for sole purposes of resale.

40.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

41.    Plaintiff is a member of all Classes.

42.    <u>Numerosity</u>:  Defendant has sold thousands of units of the Product.  The Product is sold at grocery chains, convenience stores, liquor stores, and other retailers including, but not limited to, Bristol Farms, BevMo!, and Total Wine & More. Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of Class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

43.    <u>Common Questions Predominate</u>:  Common questions of law and fact

**CLASS ACTION COMPLAINT**

1    exist as to all members of the Classes and predominate over questions affecting only

2    individual Class members.  Common legal and factual questions include, but are not

3    limited to, the following: whether the Product's labeling, packaging, and marketing is

4    misleading to a reasonable consumer, and therefore violates various consumer

5    protection statutes and common laws.

6         44.    Typicality:  Plaintiff's claims are typical of the claims of the Classes he

7    seeks to represent in that Plaintiff and members of the Classes were exposed to

8    Defendant's misleading labeling, packaging, and marketing, and purchased the

9    Product reasonably relying on the misleading labeling, packaging, and marketing, and

10   suffered losses as a result of such purchases.

11        45.    Adequacy:  Plaintiff is an adequate representative of the Classes because

12   his interests do not conflict with the interests of the members of the Classes he seeks

13   to represent, he has retained competent counsel experienced in prosecuting class

14   actions, and he intends to prosecute this action vigorously.  The interests of the

15   members of the Classes will be fairly and adequately protected by the Plaintiff and

16   his counsel.

17        46.    Superiority:  A class action is superior to other available means for the

18   fair and efficient adjudication of the claims of the members of the Classes.  The size

19   of each claim is too small to pursue individually and each individual Class member

20   will lack the resources to undergo the burden and expense of individual prosecution

21   of the complex and extensive litigation necessary to establish Defendant's liability.

22   Individualized litigation increases the delay and expense to all parties and multiplies

23   the burden on the judicial system presented by the complex legal and factual issues of

24   this case.  Individualized litigation also presents a potential for inconsistent or

25   contradictory judgments.  The class action mechanism is designed to remedy harms

26   like this one that are too small in value, although not insignificant, to file individual

27   lawsuits for.

28

**CLASS ACTION COMPLAINT**

47. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the Class members, thereby making final injunctive relief appropriate with respect to all Classes.

48. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***
***(for the California Consumer Subclass)***

49. Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

51. The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

52. Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the source of the Product is Japan, when it is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

53. Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By

**CLASS ACTION COMPLAINT**

marketing the Product with its current labels, packaging, and advertisements, Defendant has used deceptive representations and designations of the Product's geographical origin (Japan). Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

54.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product has characteristics (that it is brewed in Japan) when it does not have such characteristics. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

55.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product is of a particular style (that it is brewed in Japan) when it is of another (brewed in Canada). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

56.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling, packaging, and marketing the Product with references to Japan, Japanese words, and Japanese characters so that a reasonable consumer would believe that the Product was brewed in Japan, and then intentionally not selling the Product as brewed in Japan, Defendant has violated section 1770(a)(9) of the CLRA.

57.    At all relevant times, Defendant has known or reasonably should have known that the Product was not brewed in Japan, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the labeling, packaging, and other advertisements in purchasing the Product.

58.    Plaintiff and members of the California Consumer Subclass have

**CLASS ACTION COMPLAINT**

reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Product.    Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

59.    Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Product or would have paid significantly less for the Product had they known that Defendant's conduct was misleading and fraudulent.

60.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

61.    Pursuant to Cal. Civ. Code § 1782, on March 6, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on March 9, 2017.[12] Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received the notice and demand letter, Plaintiff is timely filing this Class Action Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**(*for the California Subclass and California Consumer Subclass*)**

62.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

63.    Plaintiff brings this claim individually and on behalf of the members of

---

[12] *See* Exhibit A.

**CLASS ACTION COMPLAINT**

the proposed California Subclass and California Consumer Subclass against Defendant.

64.    UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

65.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

66.    Defendant's false and misleading advertising of the Product therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

67.    As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

68.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

69.    Defendant's conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Product's labeling, packaging, and marketing.  Creating consumer confusion as to the actual location of brewing is of no benefit to consumers.  Therefore, Defendant's conduct was and continues to be "unfair."

70.    As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

71.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

15

**CLASS ACTION COMPLAINT**

72.    Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product is brewed in Japan, when it is not.  Because Defendant misled Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendant's conduct was "fraudulent."

73.    As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

74.    Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
***(for the California Subclass and California Consumer Subclass)***

75.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

76.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

77.    California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the

**CLASS ACTION COMPLAINT**

1    Internet, any statement, concerning . . . personal property or services professional or

2    otherwise, or performance or disposition thereof, which is untrue or misleading and

3    which is known, or which by the exercise of reasonable care should be known, to be

4    untrue or misleading."

5        78.    Defendant has represented and continues to represent to the public,

6    including Plaintiff and members of both the California Subclass and California

7    Consumer Subclass, through Defendant's deceptive labeling, packaging, and

8    marketing, that the Product is brewed in Japan. Defendant's representations are

9    misleading because the Product is not brewed in Japan. Because Defendant has

10   disseminated misleading information regarding the Product, and Defendant knows,

11   knew, or should have known through the exercise of reasonable care that the

12   representations were and continue to be misleading, Defendant violates the FAL.

13       79.    Furthermore, Defendant knows, knew or should have known through the

14   exercise of reasonable care that such representations were and continue to be untrue

15   or misleading.

16       80.    As a result of Defendant's false advertising, Defendant has and

17   continues to fraudulently obtain money from Plaintiff and members of both the

18   California Subclass and California Consumer Subclass.

19       81.    Plaintiff requests that this Court cause Defendant to restore this

20   fraudulently obtained money to Plaintiff and members of both the California Subclass

21   and California Consumer Subclass, to disgorge the profits Defendant made on these

22   transactions, and to enjoin Defendant from violating the FAL or violating it in the

23   same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of

24   both the California Subclass and California Consumer Subclass may be irreparably

25   harmed and/or denied an effective and complete remedy if such an order is not

26   granted.

27

28

**CLASS ACTION COMPLAINT**

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Warranty
### California Commercial Code § 2314
***(for the California Subclass and California Consumer Subclass)***

82.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

83.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

84.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

85.     California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as… (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

86.     Defendant is a merchant with respect to the sale of beer products, including the Product here. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to Plaintiff and California consumers.

87.     By advertising the Product with its current labeling and packaging, Defendant made an promise that the Product was brewed in Japan. By not brewing the Product in Japan, the Product has not "conform[ed] to the promises…made on the container or label" of the Product. Plaintiff and California consumers did not receive the goods as impliedly warranted by Defendant to be merchantable.

88.     Therefore, the Product is not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Product.

89.     If Plaintiff and members of both the California Subclass and California Consumer Subclass had known that the Product was not brewed in Japan, they would not have purchased the Product or would not have been willing to pay the premium

**CLASS ACTION COMPLAINT**

price associated with the Product. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of both the California Subclass and California Consumer Subclass have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the Classes)***

90.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

91.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

92.    Defendant has willfully, falsely, or knowingly labeled, packaged, and marketed the Product in a manner indicating that the Product is brewed in Japan. However, the Product is not brewed in Japan. Therefore, Defendant has made misrepresentations regarding the Product.

93.    Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to where the brewing of the Product occurred.

94.    Defendant knew or recklessly disregarded the fact that the Product was not brewed in Japan.

95.    Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant's intentionally using labeling and packaging that references Japan, and uses Japanese words and characters.

96.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Product and had the correct facts been known, would not have purchased the Product or would not have purchased them at the prices at which they were offered.

19
**CLASS ACTION COMPLAINT**

97.    Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Intentional Misrepresentation
*(for the Classes)*

98.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

99.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

100.    Defendant labeled, packaged, and marketed the Product in a manner indicating that the Product is brewed in Japan. However, the Product is not brewed in Japan.  Therefore, Defendant has made misrepresentations as to the Product.

101.    Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the location of the brewing of the Product received by consumers.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

102.    At all relevant times when such representations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations and without regard to the truth.

103.    Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant intentionally using labeling and packaging that references Japan, and uses Japanese words and characters.

104.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or

**CLASS ACTION COMPLAINT**

1 would not have purchased them at the prices at which they were offered.

2     105.   Therefore, as a direct and proximate result of Defendant's intentional

3 misrepresentations, Plaintiff and members of the Classes have suffered economic

4 losses and other general and specific damages, including but not limited to the

5 amounts paid for the Product, and any interest that would have accrued on those

6 monies, all in an amount to be proven at trial.

7 **SEVENTH CLAIM FOR RELIEF**
**Negligent Misrepresentation**

8 (*for the Classes*)

9     106.   Plaintiff repeats the allegations contained in paragraphs 1-48 above as if

10 fully set forth herein.

11     107.   Plaintiff brings this claim individually and on behalf of the members of

12 the Classes against Defendant.

13     108.   Defendant labeled, packaged, and marketed the Product in a manner

14 indicating that the Product is brewed in Japan. However, the Product is not brewed in

15 Japan.  Therefore, Defendant has made misrepresentations as to the Product.

16     109.   Defendant's misrepresentations regarding the Product are material to a

17 reasonable consumer because they relate to the location of the brewing of the Product

18 received by the consumer.  A reasonable consumer would attach importance to such

19 representations and would be induced to act thereon in making purchase decisions.

20     110.   At all relevant times when such misrepresentations were made,

21 Defendant knew or had been negligent in not knowing that that the Product was not

22 brewed in Japan. Defendant had no reasonable grounds for believing its

23 representations were not false and misleading.

24     111.   Defendant intends that Plaintiff and others consumers rely on these

25 representations, as evidenced by Defendant's intentionally using labeling and

26 packaging that references Japan, and uses Japanese words and characters.

27     112.   Plaintiff and members of the Classes have reasonably and justifiably

28

**CLASS ACTION COMPLAINT**

relied on Defendant's negligent misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased them at the prices at which they were offered.

113.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Breach of Contract
### (*for the Classes*)

114.   Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

115.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

116.   In purchasing the Product, Plaintiff and members of the Classes have formed valid contracts that are supported by sufficient consideration, pursuant to which Defendant was obligated to provide a product that was brewed in Japan, as deceptively represented by Defendant's packaging and labeling.

117.   Defendant has materially breached its contracts with Plaintiff and members of the Classes by selling a product that is not brewed in Japan.

118.   As a direct and proximate result of Defendant's breaches, Plaintiff and members of the Classes were damaged in that they received products with less value than the amounts paid.  Moreover, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**CLASS ACTION COMPLAINT**

### NINTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Classes*)

119.   Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

120.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

121.   As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Product.  Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant.  Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Product, and paid for them when they would and/or should not have or paid more money to Defendant for the Product than they otherwise would and/or should have paid.

122.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the Classes.

123.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

124.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

125.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other

**CLASS ACTION COMPLAINT**

compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c) For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d) For an order awarding damages on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or jury;

e) For prejudgment interest on all amounts awarded;

f) For interest on the amount of any and all economic losses, at the prevailing legal rate;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper;

i) For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

j) For any other such relief as the Court deems just and proper.

**CLASS ACTION COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 10, 2017                    **FARUQI & FARUQI, LLP**

By: */s/ Barbara A. Rohr*
Barbara A. Rohr, Bar No. 273353
Benjamin Heikali, Bar No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: brohr@faruqilaw.com
          bheikali@faruqilaw.com

*Counsel for Matin Shalikar*

**CLASS ACTION COMPLAINT**

<u>**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**</u>

I, Matin Shalikar, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. To extent the allegations in the complaint are based on my personal knowledge, they are true and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because I purchased the Product in this District, and Defendant conducts a substantial amount of business in this District.

3.      In 2016, I purchased the Product from Bristol Farms located in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 10, 2017 at Los Angeles, California.

_____
Matin Shalikar