ANDREW E. PARIS (SBN 162562)
ALEXANDER AKERMAN (SBN 280308)
CORAL DEL MAR LOPEZ (SBN 308242)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Telephone: (213) 576-1119
Facsimile: (213) 576-1100
E-mail: drew.paris@alston.com
    alex.akerman@alston.com
    coral.lopez@alston.com

Attorneys for Defendant
**ASAHI BEER U.S.A., INC.**

MICHAEL R. REESE (SBN 206773)
**REESE LLP**
100 West 93rd Street 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
E-mail: mreese@reesellp.com

Attorneys for Plaintiffs
**MATIN SHALIKAR & ALEXANDER PANVINI**

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATIN SHALIKAR and ALEXANDER PANVINI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASAHI BEER U.S.A., INC.,<br><br>Defendant. | Case No. 2:17-cv-02713 JAK (JPRx)<br>Honorable John A. Kronstadt<br><br>**AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Date: September 11, 2018<br>Time: 8:30 a.m.<br>Dept.: Courtroom 10B<br><br>Complaint filed: April 10, 2017 |

Each of the undersigned parties ("Party" or "Parties") and each counsel of record stipulate to this Confidentiality Agreement and Protective Order ("Confidentiality Agreement" or "Order") concerning the treatment of information exchanged among the parties and produced in discovery in the above-referenced action as follows:

1. All documents, information, data, testimony, and other material produced or disclosed in discovery in this action, whether or not designated as "Confidential Information" or "Highly Confidential Information," shall be used solely for purposes of this action, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other unrelated litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. No designation of information (or lack thereof) pursuant to this Confidentiality Agreement shall be construed as an admission that the information is or is not, in fact, confidential, proprietary, or a trade secret. The fact of a designation of material under this Confidentiality Agreement shall not be admissible evidence at the trial of this action, though such designations need not be redacted if designated documents are used at the trial. Further, no designation of information pursuant to this Confidentiality Agreement shall be construed as an admission that such information is admissible, relevant, or material to any claim or defense of any party or to the subject matter of this litigation.

2. In this action, at least one of the Parties has sought, and/or is seeking, and/or is expected to seek Restricted Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Restricted Information during discovery and that there will be questioning concerning Restricted Information in the course of depositions or hearings. Disclosure of such Restricted Information except as permitted by this Order could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Confidentiality

Agreement and request the Court enter the below Order for the purpose of facilitating the prompt resolution of disputes over confidentiality and preventing the disclosure and use of Restricted Information except as set forth herein.

3. "Restricted Information" means and includes "Confidential Information" and "Highly Confidential Information" as defined in this paragraph. These designations shall constitute a certification by the Designating Party that the party has a reasonable, good faith belief that the Restricted Information should not be used or disclosed by the recipient unless such use or disclosure is made in accordance with this Confidentiality Agreement.

    a. "Confidential Information" means any information, data, document, file, transcribed testimony, response to a discovery request, or other materials—including any extract, abstract, chart, summary, note, or copy made therefrom—that is subject to protection as containing confidential, proprietary, or commercially or personally sensitive information. Categories of material that may be designated as "Confidential Information" include, but are not limited to: (1) financial, advertising, marketing, or business plans, strategies or projections; (2) business or asset appraisal information; (3) confidential information provided by a third party; (4) information concerning settlement discussions, demands, or offers; (5) confidential customer information; (6) sales information or data; or (6) nonpublic or other sensitive personal or business information.

    b. "Highly Confidential Information" is "Confidential Information" as defined herein that, in addition to meeting the definition of "Confidential Information," the Designating Party has a reasonable, good-faith belief that the information or documents are non-public, are entitled to confidential treatment and that they meet at least one of the following conditions: (i) are protected by the attorney-client, attorney work product, or other applicable privilege related to the underlying claims made against the parties but have nonetheless been produced

voluntarily, (ii) are trade secrets, (iii) are current budgets, forecasts, or payroll data that are commercially sensitive, (iv) are product or pricing information that reveals a current competitive business strategy, (vi) reflect terms of strategic transactions, business relationships or other business combinations that are past, present or are presently being considered or are in process but not yet complete, or (vi) consist of information of a third party that otherwise qualifies as Highly Confidential Information. In the event the Designating Party believes in good faith that information should be designated as Highly Confidential Information but it does not specifically meet any of the conditions described in this paragraph, the Designating Party may provisionally designate the information as Highly Confidential Information and the parties shall promptly meet and confer (pursuant to Local Rule 37-1) regarding the appropriate designation, during which time the information shall be treated as Highly Confidential Information. If the parties are unable to reach agreement as to the designation, the parties shall draft a written stipulation pursuant to Local Rule 37-2.1 and 37-2.2 to be served with a notice of motion. No later than 7 days prior to the hearing date, per Judge Rosenbluth's standing order, each party may file a supplemental memorandum of law not exceeding five pages in length pursuant to Local Rule 37-2.3. The Court will ultimately decide if the information should be designated as Highly Confidential. The Court may grant the parties the right to resolve disputes regarding designation of information differently than as set forth in this paragraph, but such permission will not be granted absent unusual circumstances.

4. A Party who reasonably and in good faith believes that material is "Confidential," as defined in paragraph 3(a), or "Highly Confidential," as defined in paragraph 3(b), may so designate the material as follows:

    a. By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on each page of any document produced that is so designated or, in the case of a document or information produced in native format, on an accompanying

production page;

  b. By imprinting the term "Confidential" or "Highly Confidential," as appropriate, next to or above any response to a discovery request;

  c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as "Confidential" or "Highly Confidential," as appropriate, or by orally designating such testimony as "Confidential" or "Highly Confidential" on the record at the deposition or other proceeding at which it is given; and

  d. For information produced in non-paper media (e.g., videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential."

5. If a Designating Party believes that a deposition question calls for Highly Confidential Information of the Designating Party, counsel for that Party may, before the witness answers, so state, and any persons who are in attendance who are not authorized under this Order to have access to such Highly Confidential Information must then absent themselves for the duration of the testimony containing Highly Confidential Information. A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Confidential or Highly Confidential pursuant to this Order.

6. A Party's inadvertent failure to designate any material as Confidential Information or Highly Confidential Information shall not be deemed a waiver of that Party's later claim that such material is Confidential Information or Highly Confidential Information and such Party may designate such material as Confidential Information or Highly Confidential Information pursuant to this Order at any time thereafter. At such time, arrangement will be made for the return to the producing Party of all copies of the misdesignated document(s) and for the substitution, where

appropriate, of properly labeled copies of such documents. All previously produced copies of such documents that were misdesignated shall be destroyed by the receiving Party or Parties upon receipt of replacement copies of such documents with the proper designation. The receiving Party shall verify in writing that it has destroyed said misdesignated documents.

7. Confidential Information may be disclosed only to the following persons:

    a. Outside counsel of record for the Parties and employees, agents, and/or consultants of such attorneys or their firms involved in the prosecution or defense of this litigation, including service providers such as electronic discovery vendors, graphic services, printing and document duplicating or management services;

    b. Officers, directors, members of the Board, in-house counsel, and insurers of Parties to this litigation (or of owners of Parties to this litigation), provided that such persons are given a copy of this Order and agree to be subject to and bound by the terms of this Order;

    c. A Party, employee or former employee of Parties a party to whom it is deemed necessary that the information be shown for purposes of the litigation, provided that the person to whom the Confidential Information is provided shall be advised that they are subject to the terms of this Order before being provided Confidential Information;

    d. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses in the course of discovery-related proceedings where counsel has a reasonable and good faith belief that examination with respect to the Confidential Information is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the information is necessary in connection with such testimony. The witness shall be informed that this Order restricts the disclosure of the information, that he or she may

5
AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
LEGAL02/37527280v2

consider and/or use the Confidential Information only for purposes of preparing to testify or testifying in this litigation and not for any other purpose, and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Order. No individual who is shown Confidential Information pursuant to this subsection shall be permitted to retain or keep copies of the Confidential Information unless permitted by some other provision of this order to do so;

  e. With respect to particular documents or data designated as Confidential Information, any individual indicated on the document as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

  f. Actual or potential independent experts or consultants retained by a Party for purposes of this litigation, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of this litigation), provided that such experts or consultants are not employed by an actual or reasonably likely future competitor or business counterparty of the producing Party, or retained on separate matters adverse to the interests of the producing Party, at the time of disclosure. "Independent" for purposes of this paragraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in this litigation. A person is "employed by" a Party if that person is on the regular payroll of the Party. Before Confidential Information is disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A;

  g. The Court and the court's personnel working on this case (absent further order of the Court that may be made respecting confidentiality of materials presented);

  h. Special masters, mediators, or referees appointed by the Court or

retained by the parties, court reporters, videographers, and their clerical personnel in connection with work on this case; and

      i. Any other person authorized to have access by Order of the Court, or by written agreement of all parties.

8. Highly Confidential Information may be disclosed only to persons described in paragraphs 7(a), (b), (d), (e), (f), (g), (h), and (i), under the terms and conditions therein specified. The portions of the deposition transcript pertaining to such Highly Confidential Information shall automatically be deemed "Highly Confidential" and any Highly Confidential Information marked as an exhibit during the deposition shall continue to be designated "Highly Confidential."

9. All individuals authorized to review Restricted Information pursuant to this Order shall hold it in confidence and shall not divulge it, either verbally or in writing, to any other person, entity or government agency, unless authorized to do so by court order or, subject to paragraph 23, as required by subpoena, and shall not directly or indirectly consult, review, consider or make any use whatsoever of such information for any purpose other than in compliance with paragraph 1 above.

10. A Party's counsel who discloses Highly Confidential Information received from another Party shall obtain and retain signed copies of the undertakings signed by qualified recipients of Highly Confidential Information to the extent provided above, and shall maintain a list of all persons to whom any Highly Confidential Information is disclosed.

11. During the pendency of this action, upon agreement of the relevant Parties or upon the Court's order after a showing of substantial need to establish the source of an unauthorized disclosure of Restricted Information that cannot otherwise be identified, counsel for any Party that has produced Restricted Information may inspect the list maintained by counsel that has received such Restricted Information, subject to any conditions the Court deems appropriate.

12. If a Party objects to the designation of certain information as Confidential or Highly Confidential Information, the parties shall follow the same procedure outlined in Paragraph 3 to resolve the issue pursuant to Local Rule 37. The information shall continue to have its designated status as Confidential or Highly Confidential Information, as the case may be, from the time it is produced until the ruling by the Court on the motion.

13. Any document containing Restricted Information that is submitted to or filed with the Court shall on the cover of such document bear the legend: "CONTAINS CONFIDENTIAL INFORMATION" and/or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." Any documents attached as exhibits to any filing or submission that contain Restricted Information shall be reproduced with their confidentiality designations. Any part seeking to file a document under seal must comply with Local Rule 79-5.

15. Any Party or its counsel serving a subpoena upon a non-Party that is duly authorized by the Court, which subpoena requires the production of documents in this action, may serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents produced pursuant to such subpoena as Confidential or Highly Confidential pursuant to this Order as may be appropriate.

16. In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege or protection, the Party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall notify the Party to whom the inadvertent disclosure was made. The Party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the Party made thereof. In the event any party hereto receives any document from another Party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other

privilege or protection, that Party shall immediately return such document and all copies the party made thereof to the Party who produced the document. The inadvertent disclosure of privileged, protected or work product information shall not be deemed to be a waiver of any such privilege, protection or work product protection.

17. If a Receiving Party (or the non-Designating Party) learns that, by inadvertence or otherwise, it has disclosed Restricted Information to any person or in any circumstance not authorized under this Order, the Receiving Party (or the non-Designating Party) must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Restricted Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement that is attached hereto as Exhibit A.

18. The Parties agree to comply with this Confidentiality Agreement as of the date of its execution by the Parties. Upon the Court's entry of the Confidentiality Agreement as an Order, the obligations hereunder shall be deemed to apply as an Order of the Court retroactively to the date of execution by the Parties.

19. Nothing in this Order shall affect the rights of any Party, during discovery proceedings, or the merits hearing, to object to the production or admission as evidence of any Confidential Information or Highly Confidential Information.

20. Subject to express and prior approval of the Court, after termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Restricted Information has been communicated or disclosed pursuant to the provisions of this Order or any other Order of this Court. This District Court shall retain continuing jurisdiction to enforce the terms of this Order.

21. Upon termination of this litigation, including any appeals, each Party's counsel shall within 90 days return to the producing Party all Restricted Information

provided subject to this Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall at such Party's option destroy all such Restricted Information, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the producing Party that such destruction has been accomplished. However, the Party's outside litigation counsel shall be allowed to keep a complete set of all pleadings, filings, discovery responses, transcripts, exhibits used in depositions or trial, correspondence, and the attorney's work product even if those documents include reference to or inclusion of Restricted Information ("Attorney's File"), unless a Party objects within 30 days of the termination of the litigation to the outside litigation counsel's retention of any portion of the Attorney's File. The Parties shall agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Order.

22. Nothing in this Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Restricted Information; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the above-captioned action, whether or not such documents, materials, or information are also obtained through discovery in the above-captioned action; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Restricted Information; (d) preclude any Party from filing a motion seeking greater, more limited or different protection from the Court; or (e) preclude any Party from filing a motion with respect to the manner in which Restricted Information shall be treated at the merits hearing.

23. Should a Party to this Order receive a subpoena or other process to disclose Restricted Information, that Party shall promptly, and at least 10 business

10
AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
LEGAL02/37527280v2

days prior to production of any Restricted Material, provide notice, in writing, and a copy of such subpoena or other process, unless prohibited by law, to the Party that had produced the Restricted Material. To the extent permitted by law, the Party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the producing Party has timely moved to quash or modify the subpoena or other process, until such time as there is a final order. The Party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Order.

24. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on examination of Restricted Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

IT IS SO STIPULATED.

DATED: November 1, 2017

ANDREW E. PARIS
ALEXANDER AKERMAN
CORAL DEL MAR LOPEZ
**ALSTON & BIRD LLP**

By: */s/ Andrew E. Paris*
    Andrew E. Paris
Attorneys for Defendant
**ASAHI U.S.A. BEER U.S.A., INC.**

DATED: November 1, 2017

**REESE LLP**

By: */s/ Michael R. Reese*

Michael R. Reese (SBN 206773)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, NY 10001
Telephone: (212) 646-0500
Facsimile: (212) 253-4272

E-mail: mreese@reesellp.com

**FARUQI & FARUQI LLP**
Barbara A. Rohr, Bar No. 273353
Benjamin Heikali, Bar No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: brohr@faruqilaw.com
  bheikali@faruqilaw.com

Melissa W. Wolchansky
Amy E. Boyle
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
E-mail: wolchansky@halunenlaw.com
boyle@halulnenlaw.com

*Attorneys for Plaintiffs Matin Shalikar and Alexander Panvini*

**IT IS SO ORDERED.**

DATED: November 6, 2017     _____

Hon. Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A

I have read and understand the foregoing Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned action. I hereby undertake and agree to abide by the terms of the Stipulated Confidentiality Agreement and Protective Order. I understand that unauthorized disclosure of documents or information governed by the Stipulated Confidentiality Agreement and Protective Order would constitute a breach and contempt of the Stipulated Confidentiality Agreement and Protective Order, and may subject me to sanctions. Solely for purposes of enforcement of the Stipulated Confidentiality Agreement and Protective Order as part of this action, I hereby consent to the exercise of personal jurisdiction over me by the United States District Court, Central Distract of California. I further agree to submit to the jurisdiction of the United States District Court, Central Distract of California for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order if such enforcement proceedings occur after termination of the litigation.

Dated: _____, 201\_

Agreed and accepted:

By: _____

Name (please print): _____

Position/Title: _____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this 1st day of November 2017.

                          */s/ Andrew E. Paris*
                          Andrew E. Paris